IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ROBERT L. CARPENTER           )
and ALICIA J. CARPENTER,      )
                                     )
          Plaintiffs,         )    TC-MD 160288G
                                     )
      v.                       )
                                     )
DEPARTMENT OF REVENUE,    )
State of Oregon,               )
                                     )
          Defendant.        )    **FINAL DECISION**[1]

Plaintiffs appealed Defendant's Notice of Refund Offset, dated May 19, 2016, for the

2015 tax year. Defendant filed a motion for summary judgment and Plaintiffs filed a response

yielding to the judgment of the court.

## I. STATEMENT OF FACTS

Plaintiffs' response stated that they did not dispute the facts set forth by Defendant,

which are replicated below:

> "The plaintiff, Robert Carpenter, and his spouse, Alicia Carpenter, filed a 2015 joint Oregon personal income tax return, claiming a joint overpayment of $1,597. (Cridge Decl. ¶ 3, Ex. B). The Department of Revenue has not audited or adjusted the taxpayers' 2015 return. (Cridge Decl. ¶ 4). The Department of Revenue remitted the Carpenters' 2015 overpayment to the federal government to offset a federal tax debt and federal student loan debt owed by Ms. Carpenter. (Ex. B). The Department of Revenue notified the taxpayers of its action by letter dated May 19, 2016, wherein it also informed the taxpayers that it could not "divide your refund if the refund was used to pay * * * an Internal Revenue Service Levy, or a Federal Debt." (Ex. B). The plaintiff appealed the Department of Revenue's action to the Oregon Tax Court."

(Mot Summ J at 1.)

---

[1] This Final Decision incorporates without change the court's Decision, entered January 30, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Defendant's Notice of Refund Offset reported that Plaintiffs' refund had been distributed to two payees: "U.S. Department of Education" and "State Income Tax Levy Program (IRS)." (Compl at 5.) Plaintiffs each earned income in 2015. (*Id*. at 4.) Plaintiffs submitted a request for refund apportionment to Defendant that was denied. (*Id*. at 7.)

Plaintiffs request that the refund claimed on their return be allocated between them. Defendant requests that Plaintiffs' appeal be denied.

## II. ANALYSIS

The issue in this case is whether Plaintiffs are entitled to have their refund allocated between them to prevent one spouse's tax overpayment from being applied to the other spouse's federal debt. Defendant also raises an issue of jurisdiction. The issues in this case are similar to those resolved by *Xuejun J. Smith v. Department of Revenue*, TC–MD 160196N.

As demonstrated in *Smith*, the court has jurisdiction over cases arising out of Defendant's obligation under ORS 314.415(1) to refund excess tax paid.[2] Furthermore, as shown in *Smith*, jointly filing taxpayers each have a separate property interest in their tax refund. Defendant owes each joint filer a refund of his or her excess tax paid, although it is the responsibility of taxpayers to request separate refunds under ORS 314.415(7).

Two additional facts in this case, not present in *Smith*, bear attention. First, the presence of federal tax debt raises the possibility that liability for that debt is joint and several between Plaintiffs. *See* IRC § 6013(d)(3). Defendant's statement of facts is ambiguous on the point of whether liability for the federal tax debt is shared by Robert L. Carpenter, although the tax debt account is identified on the offset notice by the same social security number as the account for

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

the student loan debt, which admittedly belongs to Alicia Carpenter. The second fact is that Plaintiffs both earned income in 2015.

Neither fact presents a problem for the application of *Smith* here. The principle is that each spouse owns his or her overpayment. Once separate refunds have been timely requested, Defendant may not take Plaintiff Robert L. Carpenter's overpayment to satisfy a debt for which he is not liable. If he is not liable for either debt, Defendant must refund Robert L. Carpenter his entire overpayment. If he is liable for one of the debts, Defendant may offset his refund to pay that debt only. Likewise, Defendant may offset Alicia J. Carpenter's overpayment to pay her debts.

### III. CONCLUSION

A portion of the refund claimed on Plaintiffs' return belonged to Plaintiff Robert L. Carpenter. Defendant was authorized under ORS 314.415(7) to separate Plaintiffs' refunds when timely requested. Defendant was required by ORS 314.415(1) to use that authority to issue a separate refund to Robert L. Carpenter to the extent he was not liable for an offsetable debt. Robert L. Carpenter was not liable for Plaintiff Alicia J. Carpenter's debt to the United States Department of Education. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted. Defendant shall divide Plaintiffs' refunds and refund to Plaintiff Robert L. Carpenter the amount of his overpayment. Robert L. Carpenter's refund may be offset only to any extent he is liable for the federal tax debt.

Dated this ___ day of February, 2017.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 24, 2017.*

DECISION  TC-MD 160288G                                                                 4